UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:13CR345 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| vs. | ) | **OPINION AND ORDER** |
| | ) | |
| GREGORY HAMILTON, | ) | |
| | ) | |
| Defendant. | ) | |

**CHRISTOPHER A. BOYKO, J.**:

This matter comes before the Court upon the Motion (ECF DKT #1101) of Defendant Gregory Hamilton to Suppress, requesting that the Court suppress the physical evidence seized as a result of the Search Warrant for 612 East 94th Street, Cleveland, Ohio.  In addition, Defendant requests an evidentiary hearing pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978).  For the following reasons, the Court denies Defendant's Motion in its entirety.

**I. BACKGROUND**

On November 17, 2011, Detective Marc Bottone prepared an Affidavit in support of the issuance of a Search Warrant for a residential property located at 612 East 94th Street in

Cleveland, Ohio.  Honorable Brian Corrigan, of the Cuyahoga County Court of Common Pleas, found probable cause based upon the Affidavit and signed the Search Warrant on the same date.  The Warrant, to search the premises, its curtilage, storage areas, basement, attic, all vehicles located on the premises and all persons, was required to be executed within three days and was authorized to be executed in the night season.

The Search Warrant was executed on November 22, 2011; and recovered items included heroin, drug paraphernalia and a device used to compress or "re-rock" heroin, that was subsequently found to hold Defendant's DNA.  A Cuyahoga County records search showed that the East 94th Street property was owned by Detra L. Farrow.  Detectives performed a utilities check; and First Energy Company records listed Detra L. Farrow as the customer and Defendant as a customer contact.  Ms. Farrow's mailing address was listed as 565 Westview Road, Bedford, Ohio.

On November 22, 2011, Detective Bottone obtained a Search Warrant for the premises at 565 Westview Road in Bedford, Ohio.  The officers found Ms. Farrow and her son there and recovered scales and other paraphernalia with heroin residue.

In July of 2013, Detective Bottone obtained a Warrant to conduct an oral swab on Defendant to compare with evidence collected in the drug investigation of 612 East 94th Street and 565 Westview Road.

On September 11, 2013, Defendant was charged in a Superseding Indictment, along with fifty-nine others, with Conspiracy to Possess with Intent to Distribute and to Distribute One Kilogram or More of Heroin and with Use of a Telephone to Facilitate Drug Trafficking.

On December 17, 2014, Defendant filed the within Motion to Suppress, arguing that

the Affidavit in support of the search at 612 East 94th Street failed to establish probable cause and included materially false information. Defendant insists that any evidence seized must, therefore, be suppressed, including evidence obtained at 565 Westview Road and from the oral DNA swab, being "fruit of the poisonous tree."

## II. LAW AND ANALYSIS

### Standard of Review

The Fourth Amendment to the United States Constitution states: "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. Const. Amend. IV. Probable cause is defined as "reasonable grounds for belief, supported by less than prima facie proof, but more than mere suspicion" and exists "when there is a 'fair probability' given the totality of the circumstances, that contraband or evidence of a crime will be found in a particular place." *United States v. Lattner,* 385 F.3d 947, 951 (6th Cir. 2004), *cert. denied,* 543 U.S. 1095 (2005) (citing *United States v. Davidson,* 936 F.2d 856, 859 (6th Cir. 1991)).

In *Illinois v. Gates,* 462 U.S. 213, 238-39 (1983), the Supreme Court announced the basic standard for determining whether an affidavit establishes probable cause to issue a search warrant:

> The task of the issuing magistrate is simply to make a practical, commonsense decision whether, ***given all the circumstances set forth in the affidavit*** before him [or her], ... there is a fair probability that contraband or evidence of a crime will be found in a particular place. And the duty of the reviewing court is simply to ensure that the magistrate had a substantial basis for concluding that probable cause existed. (Emphasis added).

*See also United States v. Helton,* 314 F.3d 812, 819 (6th Cir. 2003); *United States v. Davidson,* 936 F.2d 856, 859 (6th Cir.1991).

A probable cause finding "should be paid great deference by reviewing courts." *Gates*, 462 U.S. at 236. However, reviewing courts must ensure that the issuing magistrate or judicial officer did "not serve merely as a rubber stamp for the police." *United States v. Leon,* 468 U.S. 897, 914 (1984), quoting *Aguilar v. Texas,* 378 U.S. 108, 111 (1964). Further, reviewing courts "will not defer to a warrant based on an affidavit that does not 'provide the magistrate with a substantial basis for determining the existence of probable cause.'" *Leon,* at 915, quoting *Gates, supra*, 462 U.S. at 239.

A reviewing court assesses probable cause by focusing only on the four corners of the affidavit. *United States v. Weaver*, 99 F.3d 1372, 1378 (6th Cir. 1998) (citing *Whitley v. Warden*, 401 U.S. 560, 564-65 (1971)); *United States v. Hatcher*, 473 F.2d 321, 324 (6th Cir. 1973). However, when an affidavit contains false statements that the defendant can demonstrate were made knowingly and intentionally, or with reckless disregard for the truth, and without those statements a magistrate judge could not find probable cause, the Court must suppress the evidence seized pursuant to the warrant. *Franks*, 438 U.S. at 155-56. But "inaccurate statements that are the result of mere negligence or mistake do not fall within the framework." *United States v. Pirosko*, No. 5:12CR327, *3 (N.D. Ohio Oct. 10, 2013) (citing *Franks*, 438 U.S. at 155-56). A defendant is entitled to a *Franks* hearing to discern whether the affidavit contains false statements that the affiant made knowingly and intentionally or recklessly when the defendant satisfies a two-part analysis: (1) the defendant has shown by a preponderance of the evidence that false statements were deliberately or recklessly made and

(2) the affidavit, without the false statements, would not provide the requisite probable cause to validate the search warrant.  *United States v. Charles*, 138 F.3d 257, 263 (6th Cir. 1998).

**Affidavit and Search Warrant for 612 East 94th Street, Cleveland, Ohio**

Defendant asserts that the Search Warrant is deficient in a number of respects. Defendant argues that the minimal surveillance of the premises at 612 East 94th Street and the single trash pull at that same address were insufficient to establish probable cause.  In addition, Defendant points out that the criminal history outlined in the Affidavit as to himself and as to Victor Duckworth (an individual seen taking trash out at the premises and whose name was on mail found in that trash) was incorrect; and the Affiant knew or should have known the information was false.  If the challenged information is excluded, according to Defendant, the remainder of the Affidavit is merely "bare bones."  Further, Defendant claims that the Search Warrant for 612 East 94th Street was not executed within the required three-day time frame.  Defendant contends that the Search Warrant for the property at 565 Westview Road in Bedford, Ohio and the buccal swab Warrant were "fruits of the poisonous tree" of the unconstitutional search at 612 East 94th Street.  If the Court does not agree to grant the Motion to Suppress; alternatively, Defendant believes an evidentiary hearing under *Franks* is justified.

The Court finds that Defendant's objections are not compelling.  A crucial issue raised by Defendant's Motion to Suppress is whether or not Gregory Hamilton has standing.  In order to seek protections under the Fourth Amendment, a defendant must demonstrate that he had a reasonable expectation of privacy in the property searched.  *Rakas v. Illinois*, 439 U.S. 128, 143 (1978).  "A defendant bears the burden of establishing that his own Fourth

Amendment rights were violated." *United States v. McCrae*, 156 F.3d 708, 711 (6th Cir. 1998) (citing *Rakas*, 439 U.S. at 130 n.1).  In order to meet this burden, a defendant must satisfy two requirements:  "(1) that he had a subjective expectation of privacy, and (2) that his expectation was objectively reasonable."  In order to show that the expectation of privacy is "objectively reasonable," he must show that "it is one 'society is prepared to recognize as legitimate.'" *United States v. Washington*, 573 F.3d 279, 282-283 (6th Cir. 2009) (citations omitted).  "[S]uppression of the product of a Fourth Amendment violation can be successfully urged only by those whose rights were violated by the search itself, not by those who are aggrieved solely by the introduction of damaging evidence." *United States v. Padilla*, 508 U.S. 77, 81 82 (1993); *United States v. Williams*, 354 F.3d 497, 511 (6th Cir. 2003) (defendant who lacked standing to challenge improper warrantless search of residence that occurred at outset of investigation was not entitled to suppression of evidence obtained as result of information derived from that search).

  The house at 612 East 94th Street was owned by Detra L. Farrow.  It was Victor Duckworth, not Gregory Hamilton, who was seen carrying trash from the residence.  Hamilton's name appears as a customer contact on the electric bill for the premises and Hamilton's DNA was found on a drug press recovered in the November 22, 2011 search.  Defendant Hamilton makes no claim that 612 East 94th Street was his residence and does not assert that he had any reasonable expectation of privacy there.  To the contrary, Defendant concedes that "there was no current connection linking Hamilton to Detra Farrow or 612 East 94th Street at the time the search warrant was obtained."  (ECF DKT #1101 at 12).

  The Court finds that Defendant lacks standing to constitutionally challenge the Search

Warrant for 612 East 94th Street and the subsequent Search Warrants for 565 Westview Road and for the oral swab for DNA.

Even assuming standing, Defendant's asserted grounds for suppression of evidence fail. As regards whether the Search Warrant Affidavit established probable cause, Defendant differs with the agents' methods. That is, Defendant criticizes the extent of the surveillance of the property and that there was only one trash pull performed. As the Supreme Court noted in *Illinois v. Gates, supra*, the standard is whether, based on the **entirety of the circumstances**, there was a fair probability that contraband or evidence of a crime would be found in the place described in the affidavit. Additionally, the affidavit for a search warrant should not be dissected piecemeal. *United States v. Woosley*, 361 F.3d 924, 926 (6th Cir. 2004); *United States v. Greene*, 250 F.3d 471, 479 (6th Cir.2001). Defendant is in error; and the standard for probable cause has been met here.

Defendant also challenges the misstatements as to his and Duckworth's criminal histories and a piece of Duckworth's mail found in the examination of the trash from 612 East 94th Street.

The Affidavit lists offenses Hamilton and Duckworth were charged with, and not only those for which they were convicted. Detective Bottone relied upon the Cuyahoga County Clerk of Court website which did not accurately reflect the disposition of the charges. Nevertheless, Duckworth verifiably had two prior felony drug convictions and Hamilton had three prior felony drug convictions. Thus, the criminal background information was relevant to determining whether evidence of a crime might be found at a premises to which these two individuals had some connection. The misstatements were not made intentionally or with

reckless disregard for the truth.  They were, at most, negligent.  Negligently inaccurate statements in an affidavit do not warrant a *Franks* evidentiary hearing.

The single trash pull performed at 612 East 94th Street recovered a document addressed to Duckworth at an out-of-state residence.  The Affidavit recites: "addressed to the address to Victor S. Duckworth."  This typographical error does not suggest that Duckworth resided at 612 East 94th Street and furthermore, does not defeat a probable cause finding.

Defendant contends that the Search Warrant for 612 East 94th Street was not executed in the prescribed three-day time frame.  The Search Warrant was issued by the Cuyahoga County Common Pleas Judge on November 17, 2011, a Thursday.  It was executed five days later, on Tuesday, November 22, 2011.  Ohio Criminal Procedure Rule 45(A) states in pertinent part: "When the period of time prescribed or allowed is less than seven days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in computation." Therefore, the Search Warrant was, indeed, executed in a timely fashion.

### III. CONCLUSION

The Court holds that Defendant Gregory Hamilton did not have a reasonable expectation of privacy in the property searched; and thus, Defendant lacks standing to challenge the search under the Fourth Amendment.  Moreover, because the Court finds that the information relied upon in the Affidavit provided the requisite probable cause to justify the issuance of the Search Warrant; because Defendant failed to meet his burden by offers of proof showing that the misstatements in the Affidavit were false and made intentionally or with reckless disregard for the truth; and because the Search Warrant for 612 East 94th Street, Cleveland, Ohio was timely executed, the subsequent search of 565 Westview Road, Bedford,

Ohio and the oral DNA swab were not "fruits of the poisonous tree."

Therefore, the Court denies the Motion (ECF DKT #1101) to Suppress in its entirety, without hearing, and finds it unnecessary to address the good faith exception provided in *United States v. Leon*, 468 U.S. 897 (1984).

**IT IS SO ORDERED.**

                                              **s/ Christopher A. Boyko**
                                              **CHRISTOPHER A. BOYKO**
                                              **United States District Judge**

**Dated:  January 16, 2015**